UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

ANTHONY
ALEXANDER PEREZ,

      Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS INC,
TRANS UNION LLC,
and LOBEL FINANCIAL CORPORATION,

      Defendants.

_____/

## COMPLAINT

Plaintiff Anthony Alexander Perez ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Trans Union LLC, and Defendant Lobel Financial Corporation (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

6.      Defendant Lobel Financial Corporation ("Lobel Financial") is a California corporation with its principal place of business located in Anaheim, California.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      This action relates to false, incomplete, and inaccurate information on Plaintiff's credit reports that the Defendants allowed to persist to despite their obligations under the FCRA.

9.      On a date better known by Defendant, Lobel Financial began reporting false and inaccurate information regarding an account (the "Subject Information") associated with Plaintiff to the credit reporting agencies.

10.     The Subject Information, as reported on Plaintiff's credit reports, is erroneous, incomplete and inaccurate because it is the subject of fraud, and, as such, requires correction. In particular, among other issues, the Subject Information is erroneous because the account was opened without Plaintiff's knowledge or consent. As such, to achieve the necessary correction, Plaintiff disputed the Subject Information with the national credit bureaus.

11.     As set forth below, Plaintiff sent written disputes to Experian and Trans Union (the "CRAs").

12.     Despite receiving Plaintiff's dispute, the CRAs failed to timely conduct a reasonable investigation into the Subject Information and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

13. Despite failing to conduct an independent, reasonable investigation into Plaintiff's initial dispute, Plaintiff continued disputing the Subject Information with the CRAs in an attempt to excuse failures. However, the CRAs continued to allow false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

14. In response to the disputes, the CRAs transmitted each of Plaintiff's disputes to Lobel Financial; however, Lobel Financial failed to conduct any reasonable investigation into Plaintiff's disputes.

## EXPERIAN

15. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

16. Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

17. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

18. On August 1, 2025, Plaintiff sent Experian a written dispute regarding the Subject Information, whereby Plaintiff stated, in relevant part, that the Lobel Financial account was not his, that he does not know anything about the account, does not owe the original debts and did not give his consent for anyone to open the account.

19. Experian received the dispute sent by Plaintiff on August 1, 2025 and transmitted it to Lobel Financial.

20. As part of the dispute, Plaintiff provided a Federal Trade Commission Identity Theft Report.

21. As part of the dispute, Plaintiff also provided a copy of his driver's license, social security card and a letter from the IRS for address verification.

22. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

23. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

24. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Experian continued to report the Subject Information inaccurately.

25. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

26. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

27. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

28. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

29. Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

30. Experian failed to review and consider all relevant information submitted by Plaintiff.

31.    Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

32.    Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

33.    Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

34.    Experian's reporting of inaccurate information, namely, the Subject Information, despite evidence that said information is inaccurate, evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

35.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

36.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## **TRANS UNION**

37.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

38.    Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

39.    Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

40. On August 1, 2025, Plaintiff sent Trans Union a written dispute regarding the Subject Information, whereby Plaintiff stated, in relevant part, that the Lobel Financial account was not his, that he does not know anything about the account, does not owe the original debts and did not give his consent for anyone to open the account.

41. Trans Union received the dispute sent by Plaintiff on August 1, 2025 and transmitted it to Lobel Financial.

42. As part of the dispute, Plaintiff provided a Federal Trade Commission Identity Theft Report.

43. As part of the dispute, Plaintiff also provided a copy of his driver's license, social security card and a letter from the IRS for address verification.

44. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

45. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

46. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Trans Union continued to report the Subject Information inaccurately.

47. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

48. Despite receiving the dispute sent by Plaintiff on August 1, 2025, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

49. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent,

major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

50. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

51. Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

52. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

53. Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Trans Union).

54. Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

55. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

56. Trans Union's reporting of inaccurate information, namely, the Subject Information, despite evidence that said information is inaccurate, evidences Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

57. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

58.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## VIOLATION OF 15 U.S.C. § 1681e(b)
(against Experian)

59.     Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

60.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

61.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

62.     Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

63.      Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

64.     Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

65.     Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory

credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

66.     In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

67.     The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

68.     The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

69.     In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

70.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

71.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

72.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i
(against Experian)

73.     Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

74.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

75.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

76.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

77.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

78.     Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

79.     Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

80.      Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information  Experian had reason to believe was inaccurate.

81.     In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information

identified by Plaintiff as disputed, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

82.     The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

83.     In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

85.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

86.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)
(against Experian)

87.     Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

88.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's request accompanied by proper identification.

89.     Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification.

90.     In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's request for a credit report and failing to provide the report as required.

91.     The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

92.     In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

93.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

94.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

95.     WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]

punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681c-2(a)
(against Experian)

96.     Plaintiff incorporates by reference ¶ 8-36 of this Complaint.

97.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

98.      Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's request and supporting documentation, despite clear evidence that the information resulted from identity theft.

99.     In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's request to block identity theft-related information and failing to block such information as required.

100.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

101.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

102.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

103.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

104.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681e(b)
(against Trans Union)

105.    Plaintiff incorporates by reference ¶¶ 8-14, 37-58 of this Complaint.

106.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

107. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

108. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

109. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

110. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

111. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information

Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

112. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

113. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

114. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

115. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

116. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

117. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

118.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681i**
(against Trans Union)

119.    Plaintiff incorporates by reference ¶¶ 8-14, 37-58 of this Complaint.

120.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

121.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

122.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

123.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

124. Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

125. Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

126. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate.

127. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

128. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

129.   In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

130.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

131.   As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

132.   WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**
(against Trans Union)

133.   Plaintiff incorporates by reference ¶¶ 8-14, 37-58 of this Complaint.

134.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's request accompanied by proper identification.

135.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification.

136.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's request for a credit report and failing to provide the report as required.

137.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

138.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

139.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

140.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

141.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3)

and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681c-2(a)**
(against Trans Union)

142.    Plaintiff incorporates by reference ¶¶ 8-14, 37-58 of this Complaint.

143.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

144.     Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiff's request and supporting documentation, despite clear evidence that the information resulted from identity theft.

145.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's request to block identity theft-related information and failing to block such information as required.

146.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

147.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

148.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

149.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

150.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
### WILLFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681s-2(b)
(against Lobel Financial)

151.    Plaintiff incorporates by reference ¶ 8-58 of this Complaint.

152.    On at least one occasion within the past two years, by example only and without limitation, Lobel Financial violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

153.     On at least one occasion within the past two years, by example only and without limitation, Lobel Financial violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

154.     On at least one occasion within the past two years, by example only and without limitation, Lobel Financial violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

155.     Upon information and belief, Lobel Financial was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

156.     When Lobel Financial received notice of Plaintiff's disputes from the CRAs, Lobel Financial could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

157.     Lobel Financial would have discovered that the information it was reporting about Plaintiff was inaccurate if Lobel Financial had reviewed its own systems and previous communications with Plaintiff.

158.     Lobel Financial's investigation was *per se* deficient by reason of these failures on Lobel Financial's investigation of Plaintiff's disputes.

159.     As a direct and proximate result of Lobel Financial's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

160.    Lobel Financial's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

161.    In the alternative, Lobel Financial's actions in violation of 15 U.S.C. § 1681s-2(b), were negligent, rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

162.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Lobel Financial, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681s-2(a)
(against Lobel Financial)

163.    Plaintiff incorporates by reference ¶ 8-58 of this Complaint.

164.    On at least one occasion within the past two years, by example only and without limitation, Lobel Financial violated 15 U.S.C. § 1681s-2(a) by reporting the Subject Information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

165.    Lobel Financial willfully and/or recklessly failed to comply with 15 U.S.C. § 1681s-2(a) by continuing to report the Subject Information related to identity theft, despite receiving Plaintiff's requests and supporting documentation showing clear evidence that the information resulted from identity theft.

166. In the alternative, Lobel Financial negligently failed to comply with 15 U.S.C. § 1681s-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and continuing to report such information.

167. The conduct, action, and inaction of Lobel Financial was willful, rendering Lobel Financial liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

168. In the alternative, the conduct, action, and inaction of Lobel Financial was negligent, rendering Lobel Financial liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

169. Plaintiff is entitled to recover reasonable attorney's fees and costs from Lobel Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

170. As a result of the conduct, action, and inaction of Lobel Financial, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

171. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Lobel Financial, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3)

and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: March 31, 2026

Respectfully Submitted,

 /s/ Talal Rashid                                          .
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:     Talal@pzlg.legal
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:     Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street 17th Floor
Fort Lauderdale, Florida 33301
Phone:     305-332-6201

*COUNSEL FOR PLAINTIFF*